31198.   ROWLAND *v.* THE STATE.

<small>Decided April 23, 1946.</small>

*R. A. Moore,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The defendant in his statement to the jury said: that, when he was a boy, he was thrown out of a buggy when a horse ran away, and that the accident made a lesion on his brain and caused him to have "spells" and to lose his memory; that he continued to have such spells as he grew older, and after he went into the Army; that he was taken to an Army hospital and treated there for several months and finally discharged from the Army; but that his mental trouble continued, and on the day when policeman Young was shot, his (defendant's) mind was bad and he knew nothing about the shooting or about his arrest by Young. The defendant also introduced testimony tending to show that he occasionally had epileptic fits. He also offered for evidence a document showing his clinical record as recorded in the Army hospital at Keesler Field, Mississippi. This documentary evidence was rejected; and that ruling is assigned as error in a special ground of the motion for new trial. The certificate to the clinical record reads: "I certify that the above is a true abstract of the clinical record of Gordon L. Rowland, 34587145, who was hospitalized at this station on the dates indicated. George J. Crabner, 1st Lt., MAC, Registrar." The record disclosed that Rowland was admitted to the hospital in January, 1943, and was discharged in May, 1943. The State contends that the document was properly rejected because an "abstract" of a record is not a certified copy thereof. We can not agree with that contention. Webster's Dictionary defines the word "abstract" as "a summary or epitome containing the substance" of something. In this case the "abstract" consists of two and one-half closely typewritten pages and apparently left out nothing of the defendant's condition, history, and treatment. The document tended to support the defendant's statement to the jury and the other testimony in the case as to his mental condition at the time he shot the policeman, and was admissible for what it was worth. The error in excluding the document from the evidence was not cured by allowing the defendant to read it as a part of his statement to the jury.

Since another hearing must be had, it is not necessary to pass on the ruling denying the motion for a continuance on the ground of an absent witness.

The remaining special grounds are without substantial merit, and the general grounds are not now considered.

*Judgment reversed. Gardner, J., concurs.*

MacIntyre, J., concurring specially. The paper denominated a true abstract (and properly certified by Army authorities as being such) of the clinical record. of the defendant, who was hospitalized at a named Army station or Army hospital, gives the diagnosis by the hospital authorities of the disease with which, in their opinion, he was suffering, and on which they based their diagnosis and a summary of the symptoms with the conclusions arrived at therefrom. In short, the paper is a written diagnosis of the defendant's case at the date thereof with the reasons therefor, and I think that it should have been allowed in evidence.